Filed 1/10/25 P. v. Bravo CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083667 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN236437) |
| HECTOR JAVIER BRAVO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge. Affirmed.

Hector Javier Bravo, in pro. per.; and Richard Jay Moller under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2008, a jury convicted Hector Javier Bravo of carjacking (Pen. Code,[1] § 215, subd. (a); count 2), assault with a deadly weapon or force likely to cause great bodily injury (§ 245, subd. (a)(1); count 3), and auto theft (Veh.

---

[1] Statutory references are to the Penal Code unless otherwise specified.

Code, § 10851, subd. (a); count 4).[2]  The jury also found true numerous enhancements.

During a separate proceeding, the court found true that Bravo suffered a strike prior (§§ 667, subd. (b)−(i), 1170.12 & 668), a serious felony prior (§§ 667, subd. (a)(1), 668 & 1192.7, subd. (a)), and four prison priors (§§ 667.5, subd. (b) & 668).  The court sentenced Bravo to the upper term of nine years on count 2, doubled to 18 years because of the strike prior; stayed terms on counts 3 and 4; imposed consecutive three-year terms for enhancements under sections 12022.7, subdivision (a) and 12022, subdivision (b)(2); imposed a consecutive five-year term for the serious felony prior; and imposed one-year terms for each of three prison priors.  The court stayed the fourth prison prior term, making the total sentence 32 years.

In 2023, the court ordered the appointment of counsel after the California Department of Corrections and Rehabilitation identified Bravo as a person currently serving a prison term that included at least one now-invalid prison prior enhancement.  This made him eligible for resentencing under section 1172.75.  Through counsel, Bravo requested that the court strike the four prison priors as well as his five-year serious felony prior from 1998, which he suffered at age 23.

The court struck the four prison priors but declined to strike the serious felony prior, finding "that should Mr. Bravo be release any earlier, the Court has no doubt it could result in physical injury or serious danger to others."  It reduced the sentence for the section 12022, subdivision (b)(2) enhancement to the midterm of two years and resentenced him to a total term of 28 years in state prison.

---

[2]    The jury found Bravo not guilty of count 1, attempted murder.

2

With this court's permission, Bravo filed a late notice of appeal.

Bravo's counsel filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) to determine whether there are any arguable issues for review. We sent Bravo notice that his attorney had filed a *Wende* brief and provided him with the opportunity to file his own brief on appeal. He responded with a supplemental brief.

Because we notified Bravo that a *Wende* brief had been filed, we exercise our discretion to conduct our own independent review of the record in the interest of justice. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 230.) Having done so and found no reasonably arguable issues for reversal on appeal, we affirm.

## DISCUSSION[3]

As we noted, appellate counsel filed a *Wende* brief asking us to independently review the record for error. To assist this court in its review of the record, and in compliance with *Anders*, counsel identified two possible issues that counsel considered in evaluating the potential merits of this appeal: specifically, if the trial court erred by considering only whether Bravo *currently* posed a danger to the public when assessing if a dismissal of the five-year prior enhancement would "endanger public safety" under

---

[3] The facts of the underlying offense are not relevant to any potential issues on this appeal. Accordingly, we will omit the traditional statement of facts.

section 1385, subdivision (c)(2)[4], and whether the court properly consider postconviction factors. We have reviewed the record on appeal relevant to these issues, and we see no arguable concerns for appeal.

In his supplemental brief, Bravo appears to argue that the court abused its discretion by not giving greater weight to his evidence of rehabilitation, such as laudatory chronos and certificates, education, work history, and so forth. "[W]e review for an abuse of discretion a superior court's decision under section 1172.75, subdivision (d)(1), that reduction of a defendant's sentence would endanger public safety." (*People v. Garcia* (2024) 101 Cal.App.5th 848, 856.) " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376–377.)

Contrary to Bravo's unsupported assertion here, there was nothing irrational or arbitrary about the court's exercise of its discretion in weighing the evidence relevant to Bravo's risk of future violence. Although he had engaged in significant rehabilitation programming in the two years prior to the resentencing hearing, the court reasonably concluded this recent progress did not overcome his substantial and ongoing record of fighting and cutting other inmates with box cutters, in addition to other rules violations, while in

---

[4] Counsel cited our division's recent decision in *People v. Gonzalez* (2024) 103 Cal.App.5th 215, wherein we concluded trial courts should also consider whether the defendant would pose a danger to the public on the date of his or her release and "the fact that the release would be subject to a review by the Board of Parole Hearings and the Governor." (*Id.* at pp. 230–231.)

4

prison. Bravo has not provided evidence or authority to support an argument that he has met his burden on appeal.

Bravo also asks us to hold this appeal in abeyance and issue an order to show cause so we may receive and review appeal logs from April 4, 2023 and February 15, 2024. It appears these logs will reflect his reports that recent disciplinary actions were unfairly taken against him. They were unfair, in his view, because they resulted from "STG" gang members attacking *him* and because he did not use any weapons in response to the assaults. Bravo feels the prison is violating his due process rights by not following the relevant administrative policy in addressing these grievances.

On appeal, " '[w]e review the correctness of the trial court's ruling at the time it was made and not by reference to evidence produced at a later date.' " (*People v. Mataele* (2022) 13 Cal.5th 372, 423, fn. 9 quoting *People v. Avila* (2004) 117 Cal.App.4th 771, 780, fn. 4.) These logs were not before the trial court—in fact, the latter was created after the November 3, 2023 resentencing hearing. Therefore, we do not consider them in determining whether the court erred. Furthermore, to the extent Bravo failed to object below that the April 4, 2023 log was not in evidence and to raise his due process claim in the trial court, such contentions are forfeited on appeal. (*People v. Zamudio* (2008) 43 Cal.4th 327, 347, fn. 8.)[5]

Our independent review of the record pursuant to *Wende* and *Anders* has disclosed no other reasonably arguable appellate issues for reversal. Competent counsel represented Bravo on this appeal.

---

[5] On a final note, Bravo requests in the alternative that we provide him with instructions as to what procedure to follow so as "not to violate AB1618." Bravo does not clarify this request and we are unaware of an Assembly Bill No. 1618 relevant to Bravo. Regardless, appellate courts may not provide procedural guidance or legal advice.

DISPOSITION

The order is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


KELETY, J.

6